# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELIOUS CARTER, | CV F 05 765 AWI LJO P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. ) |
| WOODFORD, et.al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. | |

Relious Carter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names Director Jean Woodford, Warden Derral Adams, K. Allison, D. Deering, G. Miller, D. Kyle and D. Dang as Defendants.

**A. SCREENING STANDARD**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

1  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  SUMMARY OF COMPLAINT**

    On September 13, 2001, Plaintiff states he was transferred from High Desert State Prison to CSP Corcoran and sought medical care shortly after his arrival.  He was examined by Defendant Dr. Dang numerous times and raised the same medical issues each time.  Plaintiff requested that blood be drawn and although Dr. Dang provides some medication to him, he was not given "realistic" treatment.

    On December 10, 2002, Plaintiff was transferred from Corcoran SHU to CSATF.  Plaintiff states that on January 13, 2003, he was visited by Dr. David Kyle who was hostile towards him because of his efforts to secure proper medical care.  Plaintiff complained about his big toe on his right foot being painful and indicated to the Defendant that he had some sort of disease or skin condition.  Plaintiff requested that his vision be checked as it was blurry and that Defendant should refer to his medical records to see how long he had this condition.  Plaintiff again requested that blood be drawn.  Defendant Kyle indicated that he saw no need for a blood test but noted the dermatitis.

    Plaintiff states that he has filed numerous appeals requesting to be permanently assigned to a lower bunk and requesting to be seen by a doctor to discuss his toe and ankle conditions instead of just being given pain pills.  Plaintiff asked that his appeal be accepted within the provision of the Americans with Disabilities Act and that a decision be given him within fifteen

working days. Plaintiff states that his 602 appeal was granted by Registered Nurse B. Smith. In relation to his appeal, Plaintiff was interviewed by Defendant Kyle. Plaintiff filed a second appeal on January 27, 2003, again requesting adequate medical care. This appeal was partially granted by Nurse B. Smith but was returned in violation of the code of regulations. Plaintiff complained in his appeal that he felt his big toe was broker and that his ailment went untreated.

Plaintiff states that on June 17, 2003, he took a turn for the worse and could not eat or drink water. He requested medical attention from C/O Stonestreet, the custody officer on duty but Defendant Kyle failed to respond. Plaintiff made the same request on June 18, 2003, and was visited by a Nurse and treated with a short and some source drink. Plaintiff again notified Officer Cruz on June 19, 2003, that he felt like he was dying and requested he be taken to the medical clinic. Defendant Kyle examined Plaintiff and transported Plaintiff to the emergency room. Dr. Snow examined Plaintiff and felt he could be suffering from diabetic "ketoacidosis." Plaintiff was transferred to San Joaquin Community hospital.

On July 3, 2003, Plaintiff submitted a 602 inmate appeal to the health service administrator K. Allison. Plaintiff states that due to K. Allison's refusal to accept and respond to the appeal, she shifted the burden of responding to the appeals office where Plaintiff's inmate appeal was classified as an abuse of appeal. Plaintiff alleges his Eighth Amendment rights have been violated and he seeks monetary damages.

## C.  CLAIMS FOR RELIEF

### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, the plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

As a preliminary matter, Plaintiff fails to link Defendant G. Miller to any act or omission giving rise to a constitutional violation. Plaintiff states that Defendant Miller informed Plaintiff that it was inappropriate for Plaintiff to self-diagnose, however, there are no other facts alleged that would be sufficient to state a cognizable claim against him.

### 2. Eighth Amendment - Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely

4

because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

In this case, although Plaintiff alleges that his Eighth Amendment rights were violated, Plaintiff does not allege facts sufficient to give rise to a cognizable claim for relief. Plaintiff's allegations against Defendant Dang are that he did not conduct a blood test as requested by Plaintiff. However, Plaintiff's disagreement with the diagnosis or treatment given does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's allegations against Defendant Kyle are similar. Plaintiff complains that Defendant Kyle did not give him a blood or a vision test as he requested. Plaintiff's allegations against Defendant Kyle are also insufficient to give rise to an Eighth Amendment claim.

### 3. Inmate Appeals

Plaintiff's allegations against Defendant Allison is that she referred Plaintiff's 602 inmate appeal to the inmate appeals office and that this "shifted the burden of response" to the appeals coordinator. However, Plaintiff states in his Complaint that Defendant Allison is the Health Services Administrator.

Defendant Deering is only mentioned in relation to an inmate appeal resubmitted on July 24, 2003, where Plaintiff alleges that Defendant Deering failed to "review Plaintiff's appeal with careful consideration and attempted to base his response on review by S. Schumacher . . ." (Complaint at 15.)

There is no constitutional right to an inmate appeals process. The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise

constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). A failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

Accordingly, based on the above, Plaintiff alleges no constitutional violation in relation to the handling of his inmate appeals.

### *4. Supervisory Liability*

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that Defendant Woodford (CDC Director)

and Warden Adams personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.  Accordingly, Plaintiff fails to state a cognizable claim for relief against Defendants Woodford and Adams.

### 5. *Evidence/Exhibits*

It is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure.  Further, the Court cannot serve as a repository for the parties' evidence.  Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court).   At this stage in the proceedings, the submission of evidence is premature as the Plaintiff is only required to state a prima facie claim for relief.

## D. CONCLUSION

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  As a general rule, an Amended Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E.  ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   October 2, 2006**            /s/ Lawrence J. O'Neill
b9ed48                          UNITED STATES MAGISTRATE JUDGE